## THOMAS POWELL *v.* J. A. GRAVES.

A partner, who, on the dissolution and settlement of the partnership affairs, gives to his co-partner a note for the balance found against him, may, when sued on the note by the partner, impeach its validity for fraud, without resorting to a direct action to annul the contract of dissolution.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Price & Denegre*, for plantiff. *Rand & Hanly*, for defendant and appellant.

SLIDELL, C. J. The defendant being sued upon his bill of exchange given by him to the plaintiff, pleaded that the bill was given in the settlement of a partnership which had existed between them; and that he was induced to make said settlement upon the faith of representations untruly and fraudulently made by the plaintiff. The answer sets forth the circumstances constituting the fraud, and, if its allegations be taken as true, exhibits a case of fraud entitling the defendant to resist payment of the bill.

At the trial, the defendant offered witnesses and certain books of account,

POWELL
*v.*
GRAVES.

to prove the allegations of his answers, to which evidence objection was made by the plaintiff, and it was excluded by the court, on the ground "that it was necessary to bring a direct action to annul said contract of dissolution and settlement, and said bill of exchange."

We think the court erred. The bill being in the hands of the original holder, and the defendant being sued upon the bill, had a right to impeach its validity for fraud practiced by the plaintiff in obtaining it from him under the circumstances in the answer stated. The doctrine that the drawer of a bill or maker of a note in such case, must resort to an action of nullity, and cannot defend himself in a suit upon the bill or note, is unsupported by authority, and inconsistent with well settled practice.

It is proper to observe that in the written agreement for dissolution, signed by the plaintiff, it does not appear that the bill of exchange was given merely for the price of certain property therein conveyed by the plaintiff to the defendant. No separate and specific price for that property is therein stated. His conveyance is cumulated with other matter as the consideration of the bill, to-wit: "the contract of dissolution, is a phrase embracing all the stipulations of the written agreement; and in the closing clause, is the following language: "Upon the payment of said bill of exchange and one-half said policy as before stated, should the same be lost, this is considered and intended by me to be his, said *Graves'* receipt, in full of all debts, dues and demands of every character whether copartnery or individual." It is proper to add, that the petition admits the bill originated in a settlement of the partnership affairs.

If upon a new trial, the defendant should succeed in showing there was fraud practiced upon him in the matter of the bill and the settlement, we think he should be relieved not only as to the bill, but as to the settlement, and a new settlement ordered. The answer not only resists the bill on the ground of fraud, but contains substantially a reconventional demand for the annulling of the partnership settlement, and an order that a settlement be made *de novo;* and no objection was raised by the exception to the form of the answer or any want of detail in its specifications. If an exception had been taken on that score, the question, so far as the prayer for annulling the settlement and ordering another is concerned, might present a different aspect.

In conclusion, we will briefly notice a point presented on the motion for a new trial below and in argument here. We do not think the plaintiff's liability to account to defendant for certain items mentioned in the contract of dissolution and settlement should prevent an independent recovery on the bill of exchange, if the defence of fraud be not made out by proof. Those items involve unliquidated claims in defendant's favor dependent on subsequent contingencies, and which he can prosecute by suit for an account. But the bill of exchange is a liquidated and unconditional obligation, and we think its payment was not intended by the parties to be dependent upon the other open items.

Judgment reversed and cause remanded for new trial, plaintiff to pay costs of appeal.